UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| MICHAEL SHENEMAN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO.: 3:17-CV-187-TLS |
| JON DeGUILIO, | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

Michael Sheneman, a pro se prisoner, filed a Complaint [ECF No. 1] and a Motion for Leave to Proceed in forma pauperis [ECF No. 2]. However, Sheneman is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). This is commonly known as the "Three Strikes Rule" and Sheneman has three strikes.[1] An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Sheneman is attempting to sue United States District Court Judge Jon DeGuilio. He is asking for a writ of mandamus compelling Judge DeGuilio to rule for him in *Sheneman v. Brook*, 3:17-CV-124 (N.D. Ind. filed February 14, 2017), in which he asked for an order requiring the prosecution of three people: the two Assistant United States Attorneys who

---

[1] (1) *Sheneman v. Brook*, 3:14-CV-2086 (N.D. Ind. filed Dec. 22, 2014), dismissed July 10, 2015, for failure to state a claim; (2) *Sheneman v. United States of America*, 1:15-CV-1785 (D.D.C. filed Oct. 20, 2015), dismissed December 9, 2015, for failure to state a claim; and (3) *Sheneman v. Brook*, 1:16-CV-181 (D.D.C. filed Feb. 4, 2016), dismissed February 4, 2016, for failure to state a claim.

prosecuted the federal criminal case against him and his criminal defense attorney in that case. This case does not allege that Sheneman is in imminent danger. Moreover, this case is frivolous because Federal Rule of Civil Procedure 81(b) abolished writs of mandamus in the district courts. "A party petitioning for a writ of mandamus or prohibition directed to a court must file a petition with the circuit clerk . . . ." Federal Rule of Appellate Procedure 21(a)(1). Therefore he cannot proceed in forma pauperis and this case qualifies as another strike.

Nonetheless, Sheneman filed an in forma pauperis petition, even though he knew[2] he was struck out. The Seventh Circuit requires that litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436–37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

So too, this case will be dismissed, the filing fee assessed, and Sheneman restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede

---

[2] *See Sheneman v. Brook*, 3:17-CV-124 (N.D. Ind. filed Feb. 14, 2017), 3 strikes order entered February 15, 2017, and notice of appeal challenging that order postmarked February 22, 2017. Six days later, he signed the Complaint and in forma pauperis Motion in this case on February 28, 2017.

him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

For these reasons, the Court:

(1) **DISMISSES** this case as frivolous;

(2) **DENIES** the Motion for Leave to Proceed in forma pauperis [ECF No. 2];

(3) **ORDERS** the Plaintiff, **Michael Sheneman, BOP # 11310-027**, to pay (and the facility having custody of him to automatically remit) to the Clerk of Court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$400.00** filing fee is paid in full;

(4) **DIRECTS** the Clerk of Court to create a ledger for receipt of these funds;

(5) **DIRECTS** the Clerk of Court to return, unfiled, any papers filed in any case by or on behalf of Michael Sheneman (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(6) **DIRECTS** the Clerk of Court to note on the docket of this case any attempted filings in violation of this order; and

(7) **DIRECTS** the Clerk of Court to ensure that a copy of this order is mailed to each facility where the Plaintiff is housed until the filing fee has been paid in full.

SO ORDERED on March 8, 2017

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION